IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAURIE YOUNG and AMBER MCMILLIN, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 06-0321-CV-W-NKL |
| v. | ) ) | |
| CERNER CORPORATION, | ) ) | |
| Defendant. | ) | |

ORDER

On April 14, 2006, Plaintiffs Laurie Young ("Young") and Amber McMillin ("McMillin") sued their former employer, Defendant Cerner Corporation ("Cerner"), under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, on behalf of themselves and other similarly situated employees. The Court's Scheduling Order of July 22, 2006, set October 16, 2006 as the date for filing any provisional class certification motion. April 30, 2007 was the deadline for discovery, and the dispositive motion deadline was May 30, 2007. Pursuant to that Scheduling Order, the Plaintiffs timely moved for provisional certification of "[a]ll present or former employees of Cerner Corporation employed as Staff Associates (Level 7 and Level 6 employees) who worked over 40 hours a week and who were also treated as exempt employees under the FLSA at any time from April 14,

1

2003, to the present date." The Court denied the motion for provisional certification on January 18, 2007, concluding that

> other than being paid at the same compensation levels, Plaintiffs have not alleged a single common policy or practice governing all these employees. Their job responsibilities are so varied that it is hard to conceive of a single policy that could govern them all. Indeed, Plaintiffs' job responsibilities are so dissimilar from each other's as to make their inclusion in the same class problematic.

Jan. 18, 2007 Order at *9 [Doc. # 55]. Although Plaintiffs had suggested the possibility of certifying a smaller class during a telephone conference shortly before certification was denied, the Court noted in its Order that Plaintiffs had not asked for certification of a smaller, more focused class in their briefing or presented a narrower class description for the Court to consider. *Id.* at 14.

On April 13, 2007, nearly six months after the deadline to move for provisional class certification and nearly four months after their first motion for certification was denied, Plaintiffs filed a second Motion [Doc.# 58] to certify a smaller class consisting solely of Level 7 Business Analysts. In neither their Motion nor their Suggestions in Support, however, do Plaintiffs seek the Court's leave to move for certification out of time. Nor did they make any attempt to explain their delay in filing such an untimely motion. Moreover, although Cerner has objected to the tardiness of the Motion in its Response brief and urged the Court to deny the Motion on those grounds, Plaintiffs do not even acknowledge the untimeliness of their motion or rebut Cerner's arguments in their Reply. Indeed, the only reference to the Court's Scheduling Order in any of the

2

Plaintiffs' briefing comes in two footnotes indicating that, should certification be granted, Plaintiffs intend to seek more time for discovery and a continuation of the trial setting.

The deadline for class certification motions was October 16, 2006. The Federal Rules of Civil Procedure provide that a "scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16. "The rules give wide authority and discretion to the district court to manage its caseload." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). As the Court indicated in its previous Order, there might have been good cause for Plaintiffs to seek certification of a smaller class. But Plaintiffs did not return to the Court with a smaller proposed class for almost four months, and have not shown good cause for the delay.

Accordingly, Plaintiff's Second Motion to Certify Class [Doc. # 58] is therefore DENIED as UNTIMELY.

IT IS SO ORDERED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:   June 26, 2007  
Jefferson City, Missouri